FILED BY _____ D.C

C0 SEP 19 AM 10: 53

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.

MAGISTRATE JUDGE
GARBER

Arthur J. Morrison,

        Plaintiff

v.

U.S. Veterans Administration, et al.

        Defendants

(Formerly Arthur J. Morrison v.
U.S. Veteran Administration, et al.
Case No. 00-16611-CA-21)

_____/

## NOTICE OF REMOVAL

The United States Attorney, by and through the undersigned Assistant U.S. Attorney, files this Notice of Removal pursuant to 28 U.S.C. §1442 (a)(1) and in support thereof, states as follows:

1. Plaintiff Arthur J. Morrison has filed a complaint against the United States Veteran's Administration and others, in the County Court In and For Dade County, Florida.

2. Plaintiff alleges that defendants have falsely imprisoned his brother Lawrence Morrison, Sr., conspired to remove the plaintiff as guardian of his brother, Lawrence Morrison, Sr., and his brother's property; malicioulsy prosecuted him and falsely imprisoning and defamed him.

3. 28 U.S.C. §1442(a) provides that:

    A civil action or criminal prosecution commenced in
    a State Court against any of the following may be



removed by them to the district court of the United States for the district and division embracing the place where it is pending:

> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . .

Pursuant to 28 U.S.C. §1442(a), any civil action filed in state court in which an officer or agency of the United States is a named defendant may be removed to federal court. Plaintiff has sued the United States Veteran's Administration and therefore it is appropriate for the United States to remove the case to federal court pursuant to 28 U.S.C. §1442 (a)(1).

## CONCLUSION

For the foregoing reasons, the United States Attorney removes the case which was filed in the County Court In and For Dade Country, Florida from state court to federal court.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
LAURA W. BONN
ASSISTANT U.S. ATTORNEY
99 N.E. 4TH Street
Miami, FL 33132
Tel: (305)-961-9422
Fax: (305)-530-7139
Email: Laura.Bonn@usdoj.gov
Fla. Bar No. 244759

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 19th day of September, 2000 to: Arthur J. Morrison, pro se, P.O. Box 530935, Miami, Florida 33153.

*Laura W. Bonn*
Laura W. Bonn
Assistant U.S. Attorney

removal.1

IN THE COUNTY COURT IN AND FOR DADE COUNTY, FLORIDA
MIAMI DIVISION
Case No. 00-16611-CA-21

Arthur J. Morrison,

        Plaintiff

v.

U.S. Veterans Administration, et al

        Defendants
_____/

THE ORIGINAL FILED
ON SEP 18 2000
IN THE OFFICE OF
CIRCUIT COURT DADE CO. FL

## NOTICE OF FILING REMOVAL

PLEASE TAKE NOTICE that on September 18, 2000, the United States Attorney, on behalf of the Veteran Administration filed a Notice of Removal in the U.S. District Court for the Southern District of Florida, in order to effect the removal of the above-entitled action to the U.S. District Court for the Southern District of Florida. A certified copy of the Notice of Removal which was filed in the U.S. District Court for the Southern District of Florida is attached hereto.

Pursuant to 28 U.S.C. §1446 (d), the United States Attorney respectfully requests that the State court action proceed no further unless the case is remanded.

                        Respectfully submitted,

                        GUY A. LEWIS
                        UNITED STATES ATTORNEY

By: _____
     LAURA W. BONN
     ASSISTANT U.S. ATTORNEY
     99 N.E. 4TH Street
     Miami, FL 33132
     Tel: (305)-961-9012
     Fax: (305)-530-7139
     Email: Laura.Bonn@usdoj.gov
     Fla. Bar. No. 244759

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 18th day of September, 2000 to: Arthur J. Morrison, pro se, P.O. Box 530935, Miami, Florida 33153.

_____
Laura W. Bonn
Assistant U.S. Attorney

Removal. 4

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR

MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

ARTHUR J. MORRISON

CASE NO. 00-16611 CA 21

vs.

UNITED STATES VETERANS ADMINISTRATION, DAVID L. BENTLEY, DAVID L. BENTLEY, VA FIELD EXAMINER, WENDY TURNER, WENDY TURNER, GUARDIAN, LISA BURTON, LISA BURTON, MONITOR, ROGER ROUSSEAU, M.D., JAMES N. KRAUT, PSY.D., MARIO D. AMBROS, M.D., HEARTLAND HEALTH CARE CENTER

COMPLAINT

ORIGINAL FILED JUL 10 2000 HARVEY RUVIN CLERK

_____/

Plaintiff, Arthur J. Morrison, sues Defendants and alleges:

## COMMON ALLEGATIONS

1. This is an action for damages that exceed $15,000.

2. LAWRENCE I. MORRISON, SR., born February 25, 1925, Black, United States Army veteran, schizophrenic, Incompetent, lived in Tuskegee, Alabama, under Veterans Administration (VA) care, from 1945 until 1983.

3. In 1983, LAWRENCE I. MORRISON, SR. was brought home to Miami by his brother, Arthur J. Morrison, to live among his family.

4. During at least the three-year period before LAWRENCE I. MORRISON, SR. was brought to Miami from Tuskegee, his days were spent in a 15' x 20', concrete, unpainted, nonair-conditioned, unscreened, dirt-floored structure in the front yard of the home of his VA "sponsor", Mrs. Emma Mahone, with three or more other veterans.

5. The VA caused LAWRENCE I. MORRISON, SR. to be adjudicated incompetent on April 11, 1988, and refused to consent to the appointment as Guardian of Arthur J. Morrison, with whom LAWRENCE I. MORRISON, SR. had been living since 1983.

1

6. Marc Abrams, no relation to LAWRENCE I. MORRISON, SR., was appointed Guardian on April 14, 1988. The family of LAWRENCE I. MORRISON, SR. objected.

7. After more than two years of litigation, and approximately $30,000 in legal fees for VA lawyers, paid from the funds of LAWRENCE I. MORRISON, SR., the Circuit Court of Broward County appointed Arthur J. Morrison, brother, Guardian of the Person on January 30, 1990, with the VA's consent.

8. Wendy Turner was appointed Guardian of the Property on March 2, 1990.

9. LAWRENCE I. MORRISON, SR. lived continuously with his brother and Guardian, Arthur J. Morrison, from on or about March 1, 1983 until November 13, 1998.

10. On October 7, 1994, the VA, and Wendy Turner, Guardian of the Property, joined in a Petition to Remove Arthur Morrison as Guardian of the Person.

11. Arthur J. Morrison vigorously defended against the Petition, moved to dismiss and filed a response on December 16, 1994.

12. On December 27, 1994, after notice and hearing at which Wendy Turner, the VA, and Arthur J. Morrison were heard, the Circuit Court of Dade County entered an Order denying the Petition to Remove Arthur Morrison as Guardian of the Person. Legal fees for VA lawyers were paid from the funds of LAWRENCE I. MORRISON, SR.

13. Less than a month after the Order denying the Petition, the VA filed a second Petition to Remove Arthur Morrison as Guardian, and this second Petition was not heard by the Court.

14. On January 11, 1995, David Bentley, VA Field Examiner, after a status conference before the Court, verbally attacked Arthur J. Morrison, and Carlos Enriquez, Attorney for Morrison, in the outer office of the Court's Chambers, in the presence of six witnesses, screaming and threatening violence.

15. On or about December 11, 1997, David Bentley, VA Field Examiner, Wendy Turner, Guardian of the Property, and Arthur J. Morrison attended a meeting at which Lisa Burton, upon information and belief, a friend of Wendy Turner, was introduced to Arthur J. Morrison for purposes of his hiring her to help him care for LAWRENCE I. MORRISON, SR.

16. At the same time Lisa Burton was seeking employment by Arthur J. Morrison, on December 11, 1997, LAWRENCE I. MORRISON, SR. was a patient of the VA Medical Center Psychiatrist, Dr. Ambros, and a patient of Dr. Heidi Syropoulos, Chief of the VA Medical Center Geriatric Clinic.

17. Upon information and belief, Wendy Turner, Lisa Burton, and David Bentley are personal friends.

18. Arthur J. Morrison, after a joint meeting on March 25, 1998 with VA psychiatrist, Dr. Ambros, and Lisa Burton, agreed to a trial period for Lisa Burton to come to the Morrison home for the purpose of providing psychiatric help for LAWRENCE I. MORRISON, SR.

19. On or about April 27, 1998, during a routine visit to the Veterans Administration Medical Center, Arthur J. Morrison became aware of a memorandum written by Dr. Ambros regarding the March 25 meeting between him, Lisa Burton, and Arthur J. Morrison. In that memorandum, Dr. Ambros stated that the real purpose for Lisa Burton's coming to the Morrison home was because of Lisa Burton and Wendy Turner's "suspicions against Arthur J. Morrison," not to provide psychiatric help for LAWRENCE I. MORRISON, SR.

20. After reading the memorandum by Dr. Ambros describing Lisa Burton's untruthfulness, Arthur Morrison canceled Lisa Burton's visits to the Morrison home.

21. The VA caused Lisa Burton to be appointed Court Monitor on October 28, 1998, in spite of the prohibition in Florida Statute 744.107 against appointing as Monitor someone who has a personal interest in the proceedings, as she did, asking for employment by Arthur Morrison.

22. On November 13, 1998, the Court held a routine status conference.

23. On November 17, 1998, the Court entered the Supplemental Order to Petition for Appointment of Successor Guardian. The Supplemental Order removed Arthur J. Morrison as Guardian of the Person.

24. Two days after the Court entered its Supplemental Order to Petition for Appointment of Successor Guardian, the VA, on November 19, 1998, filed its Verified Petition for Appointment of Successor Plenary Guardian.

25. The record shows **no Notice of Hearing scheduling any hearing on the VA's Petition, nor any Notice scheduling a status conference at which the VA's Petition would be heard.**

26. Arthur J. Morrison was removed as Guardian of the Person with no notice, no hearing, and no evidence of violation of any of the seventeen (17) reasons listed in Florida Statute 744.474 for removal of a Guardian.

## COUNT ONE

### CONSPIRACY ILLEGALLY TO REMOVE ARTHUR J. MORRISON AS GUARDIAN

27. Beginning on or about March, 1998, and at various other times thereafter, Defendants met joined together, planned, and conspired wrongfully, unlawfully, willfully, and maliciously to cause Arthur J. Morrison illegally to be removed as Guardian of the Person for his brother, LAWRENCE I. MORRISON, SR., by failing to comply with Florida Statutes 744.474 and 744.477, and by providing misleading, false reports to the Court, or by lawfully removing him by unlawful means.

28. In furtherance of the conspiracy illegally to remove Arthur J. Morrison as Guardian, Defendants published the false, misleading reports to others, and falsely informed employees at Heartland Health Care Center that Arthur J. Morrison abused LAWRENCE I. MORRISON, SR.

29. Defendants undertook the acts described in paragraphs 27 and 28 with malice and intent to injure Plaintiff.

30. As a direct and proximate cause of Defendants' acts, and each of them, Plaintiff was illegally removed as Guardian in violation of Florida Statutes 744.474 and 744.477, and as a consequence has sustained great emotional disturbance, shock, trauma and injury to his nervous system, all of which has caused, continues to cause, and will cause him great physical and mental pain and suffering.

WHEREFORE, Plaintiff demands judgment for damages against Defendents, trial by jury for all issues triable, and such other relief as the Court deems just and proper.

## COUNT TWO

## MALICIOUS PROSECUTION

31. This is an action for damages that exceed $15,000.

32. On December 6, 1998, Defendant Wendy Turner filed a complaint with the State Attorney of Miami-Dade County and procured thereby an information accusing Plaintiff of interference with custody when Plaintiff, in his capacity as Guardian of the Person, removed his incompetent brother, LAWRENCE I. MORRISON, SR. from Heartland Nursing Center to the Veterans Administration Medical Center.

33. Plaintiff was arrested by an officer of the Metro-Dade Police Department and held in custody until Plaintiff gave bond for his appearance.

34. The criminal charges were not prosecuted. The criminal charges have been finally disposed of in favor of Plaintiff, and no further prosecution has been instituted against Plaintiff. Defendant did not appear at the hearing before the Court.

35. Defendant instituted the criminal charges without probable cause because Plaintiff was still the Guardian of the Person when he moved his brother, LAWRENCE I. MORRISON, SR., from Heartland Health Care Center to the Veterans Administration Medical Center.

36. Defendant procured the prosecution of Plaintiff maliciously and with intent to injure Plaintiff, and cause Plaintiff to have a criminal conviction in furtherance of the conspiracy illegally to remove him as Guardian of the Person for his brother, LAWRENCE I. MORRISON, SR.

37. As a direct and proximate result of Defendants' acts, and each of them, Plaintiff paid expenses in defending the criminal charges and paid the cost of the bond, emotional disturbance, trauma, shock, and injury to his nervous system which has caused, continues to cause, and will cause him great physical and mental pain and suffering and loss of ability to earn money.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, trial by jury for all issues triable, and such other relief as the Court deems just and proper.

## COUNT THREE

### DEFAMATION PER SE

38. This is an action for damages that exceed $15,000.

39. Plaintiff was and is a person of good name, credit and reputation and enjoyed the esteem and good opinion of his neighbors, and others who know him.

40. Plaintiff is a religious education teacher of children in his church, a real estate broker, a public school teacher/counselor.

41. Defendants knew of the good name and reputation of Plaintiff. Defendants wrote malicious, false, misleading, biased, unsubstantiated writings concerning Plaintiff and published them to employees at Heartland Health Care Center and others, both verbally and in writing.

42. Defendants did not investigate to determine the truth of the matter.

43. Defendants did not contact any family members.

44. Defendants did not conduct the investigation required by Chapter 415, Florida Statutes.

45. As a direct and proximate cause of Defendants' acts, and each of them, Plaintiff was injured in his good name and reputation and brought into public scandal and disgrace, has been shunned by many persons with whom he previously had social relations, and has sustained great emotional disturbance, shock, trauma and injury to his nervous system, all of which has caused, continues to cause, and will cause him great physical and mental pain and suffering.

WHEREFORE, Plaintiff demands judgment against Defendants for damages, trial by jury for all issues triable, and all other relief this Court deems appropriate.

## COUNT FOUR

### FALSE IMPRISONMENT

46. This is an action for damages that exceed $15,000.

47. Paragraphs 32-36 of Count Two are realleged.

48. Plaintiff was arrested, held in jail against his will, falsely imprisoned without any reasonable or probable cause.

6

49. As a direct and proximate cause of Defendants' acts, and each of them, Plaintiff suffered great shame, indignity, mortification and disgrace, suffered bodily injury and resulting pain and suffering, sustained great emotional disturbance, shock, trauma and injury to his nervous system, all of which has caused, continues to cause, and will cause him great physical and mental pain and suffering, loss of capacity to enjoy life, and aggravation of a previously existing condition, and development of a new condition.

WHEREFORE, Plaintiff demands judgment for damages against Defendants, trial by jury for all issues triable, and all other relief this Court deems appropriate.

## CERTIFICATION OF SERVICE

I certify a copy of the above was hand delivered to the United States VeteransAdministration at 1201 N.W. 16th Street, Miami, on _October_ ,2000, and mailed on _October_ , 2000 to Wendy Turner and Wendy Turner, Guardian at P.O. Box 330169, Miami, Florida 33233; to Lisa Burton, Lisa Burton, Monitor, at 7800 S.W. 87th Avenue, #B250, Miami, Florida 33173; to David L. Bentley, and David L. Bentley, VA Field Examiner, P.O. Box 1437, 144 - 1st Avenue South, St. Petersburg, Florida 33731; to Roger Rousseau, M.D., 7800 S.W. 87th Avenue, Suite B250, Miami, Florida 33173; to James N. Kraut, Psy.D., 7520 N.W. 5th Street, Suite 204, Plantation, Florida 33317; to Mario D. Ambros, M.D., 1201 N.W. 16th Street, Miami, Florida 33130; and to Heartland Health Care Center, Attention: Manager, 9400 S.W. 137th Avenue, Miami, Florida 33186.

_Arthur Morrison_
Arthur J. Morrison
P.O. Box 530935
Miami, Florida 33153
(305) 215-2119

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

ARTHUR J. MORRISON                                    CASE NO. 00-16611 CA 31

vs.

UNITED STATES VETERANS ADMINISTRATION,
DAVID L. BENTLEY, DAVID L. BENTLEY, VA FIELD EXAMINER,
WENDY TURNER, WENDY TURNER, GUARDIAN, LISA BURTON,
LISA BURTON, MONITOR, ROGER ROUSSEAU, M.D., JAMES N.
KRAUT, PSY.D., MARIO D. AMBROS, M.D., HEARTLAND HEALTH
CARE CENTER
_____/

## WAIVER OF SERVICE OF PROCESS

I acknowledge receipt of your request that I waive service of process in the lawsuit of Arthur J. Morrison vs. United States Veterans Administration, et al., in the Circuit Court of Miami-Dade County, Florida. I have also received a copy of the complaint, two copies of this waiver, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of process and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 1.070.

If I am not the defendant to whom the notice of lawsuit and waiver of service of process was sent, I declare that my relationship to the entity or person to whom the notice was sent and my authority to accept service on behalf of such person or entity is as follows_____.

I (or the entity of whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court, except for any objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if a written response is not served upon you within 60 days from the date I received the Notice of Lawsuit and Request for Waiver of Service of Process.

Dated _____                 SIGNED_____

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

ARTHUR J. MORRISON

CASE NO. 00-16611 CA 31

vs.

UNITED STATES VETERANS ADMINISTRATION,
DAVID L. BENTLEY, DAVID L. BENTLEY, VA FIELD EXAMINER,
WENDY TURNER, WENDY TURNER, GUARDIAN, LISA BURTON,
LISA BURTON, MONITOR, ROGER ROUSSEAU, M.D., JAMES N.
KRAUT, PSY.D., MARIO D. AMBROS, M.D., HEARTLAND HEALTH
CARE CENTER



## NOTICE OF COMMENCEMENT OF ACTION

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. The complaint has been filed in the Circuit Court of Miami-Dade County, Florida, and has been assigned case number 00-16611 CA 31

This is not a formal summons or notification from the court, but is rather my request that you sign the enclosed waiver of service of process form in order to save the cost of serving you with judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 20 days (30 days if you do not reside in the United States) after the date you receive this notice and request for waiver. I have enclosed a stamped self-addressed envelope for your use. An extra copy of the notice and request, including the waiver, is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The lawsuit will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to respond to the complaint until 60 days after the date on which you received the notice and request for waiver.

If I do not receive the signed waiver within 20 days from the date you received the notice and the waiver of service of process form, formal service of process may be initiated in a manner authorized by the Florida Rules of Civil Procedure. You (or the party on whose behalf you are addressed) will be required to pay the full cost of such service unless good cause is shown for the failure to return the waiver of service.

I hereby certify that this Notice of Lawsuit and Request for Waiver of Service of Process has been sent on behalf of the Plaintiff this 10 day of July 2000.

Arthur J. Morrison
P.O. Box 530935
Miami, Florida 33153

100437
MOR-2 78 00

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

ARTHUR J. MORRISON

CASE NO. 00-16611 CA 21

vs.

UNITED STATES VETERANS ADMINISTRATION,
DAVID L. BENTLEY, DAVID L. BENTLEY, VA FIELD EXAMINER,
WENDY TURNER, WENDY TURNER, GUARDIAN, LISA BURTON,
LISA BURTON, MONITOR, ROGER ROUSSEAU, M.D., JAMES N.
KRAUT, PSY.D., MARIO D. AMBROS, M.D., HEARTLAND HEALTH
CARE CENTER

_____/

## WAIVER OF SERVICE OF PROCESS

I acknowledge receipt of your request that I waive service of process in the lawsuit of Arthur J. Morrison vs. United States Veterans Administration, et al., in the Circuit Court of Miami-Dade County, Florida. I have also received a copy of the complaint, two copies of this waiver, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of process and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 1.070.

If I am not the defendant to whom the notice of lawsuit and waiver of service of process was sent, I declare that my relationship to the entity or person to whom the notice was sent and my authority to accept service on behalf of such person or entity is as follows_____.

I (or the entity of whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court, except for any objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if a written response is not served upon you within 60 days from the date I received the Notice of Lawsuit and Request for Waiver of Service of Process.

Dated _____        SIGNED_____

# CIVIL COVER SHEET   00-3491

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Arthur J. Morrison, pro se

**DEFENDANTS**    MAGISTRATE JUDGE
U.S. Veterans Administration GARBER

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

A: Dade 1:00CV3491(SH)/BLG

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Arthur J. Morrison, pro se
P.O. box 530935     Miami, Fl 33153

**ATTORNEYS (IF KNOWN)**
Laura W. Bonn, AUSA
U.S. Attorney's Office, Miami, Florida

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 362 Personal Injury -- Med Malpractice | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 365 Personal Injury -- Product Liability | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 371 Truth in Lending | **A LABOR** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 892 Economic Stabilization Act |
| | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 861 HIA (1395ff) / ☐ 862 Black Lung (923) / ☐ 863 DIWC/DIWW (405(g)) / ☐ 864 SSID Title XVI / ☐ 865 RSI (405(g)) |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | A☐ 871 IRS -- Third Party 26 USC 7609 | A OR B |
| | | B☐ 555 Prison Condition | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

**LENGTH OF TRIAL**
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    **DEMAND $**    CHECK YES only if demanded in complaint:  **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):  None    JUDGE _____    DOCKET NUMBER _____

DATE 9/18/00

SIGNATURE OF ATTORNEY OF RECORD
Laura W. Bonn, AUSA    (305) 961-9422

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____